UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREVOR THOMAS,

    Plaintiff,

v.                                    Case No. 8:14-cv-3120-T-30EAJ

SCHOOL BOARD OF POLK COUNTY,
FLORIDA,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 18) and Plaintiff's Response in Opposition (Dkt.19). The Court, having considered the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted. As such, final judgment will be entered in Defendant's favor.

## BACKGROUND

Plaintiff Trevor Thomas, a white male, is a science teacher who began his employment at Defendant School Board of Polk County in 2004. On April 25, 2013, Cheryl Hill, a black female and teacher at Lawton Chiles Middle Academy was appointed acting assistant principal of Lawton Chiles by Dr. John Stewart, Defendant's superintendent at that time. Thomas was disappointed that he was not given the acting assistant principal position

because he believed he was more qualified than Hill. Thomas was in the assistant principal pool, while Hill was not.

Thomas filed the instant action alleging that Defendant's failure to appoint him to the acting assistant principal position was race discrimination. His Charge of Discrimination references this incident, stating he "was passed over for the Assistant Principal Position due to my race. The selectee was not part of the Assistant Principal Pool as required by the [job description] and has less credentials than myself." (Dkt. 1).

Thomas testified during his deposition that his claim related to Defendant's failure to appoint him to the *acting* assistant principal position. Thomas acknowledged numerous times during his deposition that he did not apply for the full time assistant principal position. As such, the record is undisputed that Thomas was not hired for the assistant principal position at Lawton Chiles because he never applied for the position.

With respect to Hills' appointment as the acting assistant principal position, the record is undisputed that she was appointed as acting principal consistent with Defendant's policy. Specifically, Hill was appointed acting assistant principal only after the assistant principal at Lawton Chiles was appointed as acting principal at a different school during the school year. The vacancy at Lawton Chiles had to be filled quickly. Therefore, the Superintendent utilized the appointment power described in Defendant's policy to temporarily fill the vacancy. The assistant principal position at Lawton Chiles was eventually advertised. Thomas never applied for the assistant principal position at Lawton Chiles once it was

advertised. After applications were submitted and interviews were conducted, Hill was hired for the permanent assistant principal position at Lawton Chiles.

Thomas' complaint is solely premised on race discrimination. He alleges that his "race was a or the determining factor in Defendant's decision to fail to hire him for the assistant principal position(s)." (Dkt. 1). During his deposition, Thomas could not identify with any specificity any other assistant principal positions he did not receive during his employment. His Affidavit, filed in support of his response to Defendant's motion for summary judgment, states: "My case is not about one or two applications. I applied for 19 other Assistant Principal positions between 2009 and 2013 . . . ." (Dkt. 19-1). Notably, Thomas does not point to any evidence of discrimination related to these other positions other than to generally state that "five African Americans who were not in the [assistant principal pool] were appointed for Assistant Principal positions . . ." *Id.*

Defendant now moves for summary judgment on Thomas' claims of race discrimination.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

A plaintiff may establish a prima facie case of discrimination through direct or circumstantial evidence. *See Jackson v. Rooms To Go, Inc.*, 806-CV-01596-T-24EAJ, 2008 WL 2824814, at *5 (M.D. Fla. July 21, 2008) (citing *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998)). The record is clear that there is no direct evidence of race discrimination against Thomas; therefore, Thomas must prove his claims through the familiar *McDonnell Douglas* circumstantial evidence framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[1]

In order to establish a prima facie case, Thomas must show that: (1) he is a member of a protected class; (2) he was qualified and applied for the promotion; (3) he was rejected despite his qualifications; and (4) other equally or less qualified employees who are not members of the protected class were promoted. *Brown v. Ala. Dep't of Transp.,* 597 F.3d 1160, 1174 (11th Cir. 2010); *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1089 (11th Cir. 2004); *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir. 2000).

If Thomas can prove a prima facie case of employment discrimination, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for the employment action. *McDonnell Douglas Corp.,* 411 U.S. at 802. If Defendant meets this burden of production, the presumption of discrimination raised by Thomas' prima facie case

---

[1] Notably, "[r]acial discrimination against whites is just as repugnant to constitutionally protected values of equality as racial discrimination against blacks." *Bass v. Bd. of Cnty. Comm'rs,* 256 F.3d 1095, 1103 (11th Cir. 2001), *overruled on other grounds by Crawford v. Carroll,* 529 F.3d 961 (11th Cir. 2008). Accordingly, Thomas' claims are treated as discrimination claims, not as "reverse discrimination," claims and will be analyzed like any racial discrimination claim. *See id.*

is rebutted. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981). Thomas must then show that Defendant's proffered legitimate, nondiscriminatory reason is pretextual. *See id.* Notably, a plaintiff's subjective opinion that the defendant's action was discriminatory, without supportive evidence, is insufficient to establish pretext to avoid summary judgment. *See Woodbury v. Sears, Roebuck & Co.*, 901 F. Supp. 1560, 1565 (M.D. Fla. 1995) (citing *Carter v. City of Miami*, 870 F.2d 578, 585 (11th Cir. 1985)).

Here, the record is undisputed that Thomas did not apply for the acting assistant principal position. Thus, Defendant is entitled to summary judgment with respect to that position. With respect to the interim position, Thomas does not point to any evidence showing that Hill was equally or less qualified than he other than to point out that Hill was not part of the assistant principal pool when she was appointed acting assistant vice principal. This is insufficient. However, even if the Court were to assume that Thomas established a prima facie case, Thomas points to nothing in the record that calls into question Defendant's legitimate nondiscriminatory reason.

Defendant followed its policy when it appointed Hill to the acting position. Defendant's policy specifically permits the superintendent to appoint qualified persons on an acting basis. The only qualification that applies to an appointment of acting principal or acting assistant principal is that the person has "appropriate Florida certification." As a teacher at Lawton Chiles, Hill had appropriate Florida certification. Whether Hill was in the assistant principal pool at the time of her appointment as temporary acting assistant principal is immaterial.

Thomas' only purported evidence of pretext is his own opinion that Hill was given the acting appointment because she was black and that he was more qualified for the position. Nothing in the record supports Thomas' theories and suppositions. Generalized allegations without supporting evidence that employees were treated differently because of a protected status are insufficient to establish pretext. *See Chapman v. AI Transport,* 229 F.3d 1012, 1030 (11th Cir. 2000). Thomas needs to present "concrete evidence in the form of specific facts" rebutting Defendant's reasons. *See Earley v. Champion Intern. Corp.,* 907 F.2d 1077, 1081 (11th Cir. 1990); *see also Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000) (explaining that "conclusory allegations without specific supporting facts have no probative value" in opposing summary judgment).

With respect to Hill's qualifications, even if the Court were to assume that Thomas was more qualified than Hill, Thomas falls woefully short of establishing that there was a disparity in qualifications "of such weight and significance" that a reasonable person could not have chosen Hill over Thomas. *See Kidd v. Mando Am. Corp.,* 731 F.3d 1196, 1206 (11th Cir. 2013). Specifically, the Eleventh Circuit has made clear that the question is not who was a better applicant, but whether the disparity in qualifications is "so apparent as virtually to jump off the page and slap you in the face." *Cofield v. Goldkist, Inc.,* 267 F.3d 1264, 1268 (11th Cir. 2001) (quoting *Denney v. City of Albany,* 247 F.3d 1172, 1187 (11th Cir. 2001)).

Finally, with respect to Thomas' vague assertions that he was denied other assistant principal positions, Thomas fails to establish any evidence in support of these claims.

Indeed, his Affidavit does not include any facts about these other positions. And, during his deposition, he repeatedly stated that he could not recall the specifics of these prior positions.

In sum, Thomas falls short of establishing a genuine dispute with respect to his claims of race discrimination. His conclusory remark that "African American appointees were treated more favorably" is insufficient as a matter of law.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment (Dkt. 18) is granted.

2. The Clerk of Court is directed to enter final judgment in favor of Defendant and against Plaintiff.

3. After entry of final judgment, the Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on December 15, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-3120.msj18-failure-to-promote-grant.wpd